```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

BARBARA RUSSELL,                §
                                §
     Plaintiff,                 §
                                §
v.                              §   CIVIL ACTION NO. H-10-3205
                                §
CITY OF HOUSTON and             §
JAMES A. RODRIGUEZ,             §
                                §
     Defendants.                §
```

MEMORANDUM AND ORDER

Pending is Defendant City of Houston's Motion to Dismiss (Document No. 7). After carefully considering the motion, response, and the applicable law, the Court concludes that the motion should be denied.

I. Background

In September 2008, Plaintiff Barbara Jordan was involved in a traffic accident after leaving a Houston area pub around midnight. Upon arrival, a Houston Police Department ("HPD") officer conducted a routine records check and discovered that Plaintiff had an outstanding warrant for an unpaid traffic ticket.[1] The officer placed Plaintiff under arrest, handcuffing her hands in front of her before handing her off to another officer, Defendant James A.

---

[1] Document No. 4 at 2 (Second Am. Cmplt.).

Rodriguez, who transported her to jail in the back of his squad car.[2]  On the way to the jail, Rodriguez stopped the car in a secluded area that was not well lighted, stating that he had to cuff Plaintiff's hands behind her back prior to arrival.[3]  He pulled her out of the car by the handcuffs and sexually assaulted her.[4]  He re-cuffed her arms behind her back, placed her back in the car, and told her not to tell anyone because no one would believe her.[5]

   Upon arrival at the jail, Plaintiff reported the assault and was taken to a hospital for examination.[6]  She lodged a complaint with the HPD, which, upon investigation, fired Rodriguez.[7]  He was prosecuted and on September 16, 2010, the trial court found him guilty and further found that a deadly weapon had been exhibited during the crime; Rodriguez was sentenced to five years in jail.[8]

---

   [2] Id. at 2.

   [3] Id. at 2-3.

   [4] Id. at 3.

   [5] Id.

   [6] Id.

   [7] Id. at 3-4.  During the investigation, Plaintiff learned of a prior complaint against Rodriguez involving sexual misconduct. Id. at 3.

   [8] Id. at 4.  Rodriguez has since been released and made an appearance at the Rule 16 Scheduling Conference held on January 21, 2011.  See Document No. 16.  He has yet to file an answer.

Just prior to Rodriguez's sentencing, Plaintiff filed this suit against Rodriguez and the City of Houston (the "City," and collectively, "Defendants"). She brings claims under section 1983 against both Defendants; intentional tort claims against Rodriguez; and negligence claims against the City under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.001 *et seq.* ("Tort Claims Act").[9] The City has moved for dismissal of the Tort Claims Act claims, asserting for various reasons that Plaintiff's cause of action does not fall within the waiver of sovereign immunity contained within the Act.

## II.  Legal Standard

"Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." Warnock v. Pecos County, Tex., 88 F.3d 341, 343 (5th Cir. 1996). In evaluating a motion to dismiss pursuant to Rule 12(b)(1), a court may consider (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The question of subject matter jurisdiction is for the court to decide even if the question hinges

---

[9] Id. at 5-8.

on legal or factual determinations. *See* id. Challenges to subject matter jurisdiction under Rule 12(b)(1) come in two forms: "facial" attacks and "factual" attacks. *See* Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the pleadings. Id. Defendant's motion here is unaccompanied by supporting evidence, and is therefore a facial attack. When presented with a facial challenge to subject matter jurisdiction, the court examines whether the allegations in the pleadings, which are assumed to be true, are sufficient to invoke the court's subject matter jurisdiction. Id.

### III.   Discussion

The City asserts that Plaintiff's negligence claims are barred by sovereign immunity. Although the Tort Claims Act waives immunity for certain claims, the City alleges that Plaintiff's claims either do not fall within the scope of the Act, or that her claims fall within the Act's various exemptions from the waiver of sovereign immunity.

A.   Whether the Claims Fall Within One of the Act's Waivers

Plaintiff primarily bases her Tort Claims Act assertion on the City's alleged negligence in providing "tangible City property and

equipment, including a badge, police uniform, gun, handcuffs, communication device(s) and/or car, to Defendant Rodriguez."[10] The Tort Claims Act waives immunity in part due to:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021 (West 2011).

---

[10] Document No. 4 at 7. The City's assertion that a "government entity cannot be held liable for the illegal acts of its employees," Document No. 7 at 4, is unavailing due to its reliance on a misinterpretation of Plaintiff's claims. She does not hinge her right to recovery on the City's vicarious liability for Rodriguez's criminal actions. *Cf.* Harris Cnty. v. Going, 896 S.W.2d 305, 309 (Tex. App.--Houston [1st Dist.] 1995, writ denied) (holding that the county cannot be vicariously liable for its employees' illegal acts). Rather, she asserts that the City itself misused tangible property by providing that property to Rodriguez, whom she asserts the City knew or should have known had previously been the object of allegations of sexual misconduct. *Cf.* Centamore v. City of Houston, 9 F. Supp. 2d 717, 725 (S.D. Tex. 1997) (holding that the same claim on similar facts survived the defendant's motion for summary judgment on sovereign immunity under the Tort Claims Act because the claims were not based "on the sexual assault," but rather upon "the City's conduct in entrusting tangible property" to the officer, which was "negligent").

5

The City asserts that Plaintiff's claims do not involve the use of tangible property because "[t]he decisions to provide, assign, or supervise the use of tangible personal property are not tangible personal property."[11]  However, the City provides no authority supporting this assertion.  Instead, it cites to <u>Texas Department of Public Safety v. Petta</u>, 44 S.W.3d 575, 580-81 (Tex. 2001) and <u>Sawyer v. Texas Department of Criminal Justice</u>, 983 S.W.2d 310, 312 (Tex. App.--Houston [1st Dist.] 1998, pet. denied). In <u>Petta</u>, the plaintiff alleged that the governmental department was negligent in its failure to furnish "the proper training, instruction, training manuals, and documents" to an employee. 44 S.W.3d at 580.  The claims failed--*not* because furnishing does not qualify as a use, but rather, because the things furnished merely constituted information, which "is not tangible personal property, since it is an abstract concept that lacks corporeal, physical, or palpable qualities."  <u>Id.</u>; *see also* <u>Dallas Cnty. v. Harper</u>, 913 S.W.2d 207, 207-08 (Tex. 1995) ("[S]imply reducing information to writing on paper does not make the information 'tangible personal property.'" (citing <u>Univ. of Tex. Med. Branch v. York</u>, 871 S.W.2d 175, 179 (Tex. 1994))).  Indeed, the court of appeals in <u>Sawyer</u> expressly noted "[t]he distinction between use of equipment and use of information."  983 S.W.2d at 312.  The "badge, police uniform, gun, handcuffs, communication device(s) and/or

---

[11] Document No. 7 at 7.

6

car"[12] provided to Rodriguez are not "information," but instead constitute tangible property, which is "capable of being handled, touched or seen." Jefferson Cnty. v. Sterk, 830 S.W.2d 260, 262 (Tex. App.--Beaumont 1992, no writ). Further, the allegedly negligent entrustment of that property to Rodriguez constitutes "use" of the property. *Cf.* Morin v. Moore, 309 F.3d 316, 325 (5th Cir. 2002) (holding that the plaintiffs' claims fell within the scope of section 101.021 when those claims alleged that an officer, who obtained a rifle from the police department, was allegedly acting within the scope of his employment when he negligently entrusted the rifle to his son).[13]

Nonetheless, the use of the property "must have actually caused the injury." Tex. Dep't of Crim. Justice v. Miller, 51 S.W.3d 583, 588 (Tex. 2001). The City, citing Dallas County Mental Health and Mental Retardation v. Bossley, asserts that property "does not cause the injury if it does no more than furnish the

---

[12] Document No. 4 at 7 (Second Am. Cmplt.).

[13] Because Plaintiff bases her claims on the City's allegedly negligent entrustment of equipment to Rodriguez, this case is distinct from Hernandez v. City of Lubbock, 253 S.W.3d 750 (Tex. App.--Amarillo 2007, no pet.), where the appeals court held that claims made by a victim of police officer sexual assault did not fall under section 101.021's waiver of sovereign immunity. Id. at 758. There, the plaintiff's allegations were that the officer misused his police radio and audio and video recorders by turning them off during the assault. *See* id. at 758-59. The court held that this constituted not "mis-use" but "non-use," which is not covered by section 101.021. Id. at 759. Entrustment, on the other hand, is more akin to "mis-use" than "non-use."

condition that makes the injury possible."[14]  *See* 968 S.W.2d 339, 343 (Tex. 1998).  In Bossley, the Texas Supreme Court held that the government entity's unlocking of the outer door of a mental health facility, and leaving that door in the condition of being unlocked, did not subject the entity to Tort Claim Act liability for an escaped patient's suicide.  Id. at 343.  The patient "ran half a mile and then attempted to hitchhike on both sides of a freeway," and jumped in front of an oncoming truck "[o]nly when he was about to be apprehended."  Id.  "Although [the patient's] escape through the unlocked doors was part of a sequence of events that ended in his suicide, the use and condition of the doors were too attenuated from [his] death to be said to have caused it."  Id.

In a closer factual context, the state appellate court in Hendrix v. Bexar County Hospital District held that tangible property did not cause the plaintiff's injuries where she was sexually assaulted by a hospital employee during a breast exam.  31 S.W.3d 661, 663 (Tex. App.--San Antonio 2000, pet. denied).  The employee called the plaintiff into the examination room by the hospital's public address system, instructed her to put on a hospital gown left open at the front, then fondled the plaintiff's breasts in the examination room while the plaintiff was on the examination table.  The plaintiff later learned that the employee was not authorized to perform breast examinations.  Id. at 662.

---

[14] Document No. 7 at 6 (emphasis in original).

The plaintiff sued the hospital district, a state entity, and attempted to show that her injuries were caused by a use or condition of tangible personal property so as to fall under section 101.021.  *See* id.  She pointed to "the use of the examination room, examination table, patient gown, and public address system," and sought to distinguish Bossley on the basis that these articles of property were not geographically or temporally distant from the harm.  Id. at 663.  The court, however, rejected the argument, holding that the employee's use of those items "did not cause the assault," but "merely furnished some of the conditions that made the assault possible."  Id.; *see also* Hernandez, 253 S.W.3d at 759 (holding that an officer's acts of turning off his police radio and video and audio recorders did not proximately cause the plaintiff's distress arising from the officer's sexual assault).

Here, on the other hand, Plaintiff's claims focus on the *City's* use of the property--not Rodriguez's.  Knowing of the previous complaint against Rodriguez for sexual misconduct, Plaintiff alleges that the City's provision of a car, badge, gun, and handcuffs was negligent conduct the City knew or should have known "created an opportunity, means, and private location for [Rodriguez's] assault on Plaintiff."  Centamore v. City of Houston, 9 F. Supp. 2d 717, 725 (S.D. Tex. 1997).  This situation is more analogous to negligent entrustment cases.

> Potential liability in such a situation is recognized by [the] Restatement of Torts [wherein it states that] [o]ne who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

Morin, 309 F.3d at 325 (quoting Kennedy v. Baird, 682 S.W.2d 377, 379 (Tex. App.--El Paso 1984, no writ) (quoting and discussing RESTATEMENT (SECOND) OF TORTS § 390 (1965))). While this ultimately requires proof of the City's "requisite knowledge of the entrustee's incompetency," id., at this stage, Plaintiff's claims need only allege that knowledge, which they do.[15]

Moreover, the nature of the property furnished to Rodriguez and the use he made of it are factually distinct from Hendrix and Hernandez. Plaintiff alleges that in Rodriguez's criminal prosecution he was found to have brandished a deadly weapon during the assault, used the handcuffs to pull Plaintiff out of the car, and taken advantage of the handcuffs having been previously placed on Plaintiff; and the gun and handcuffs, used as a threat of deadly force and actual physical restraint, became the instruments by which Rodriguez exercised the direct control necessary to carry out his assault on a helpless victim. Furthermore, he used the car to transport her to a secluded location to avoid discovery, thereby

---

[15] See Document No. 4 at 4 (Second Am. Cmplt.).

enhancing his control over Plaintiff. Thus, the uses of these items of property are unlike the examination table and equipment in <u>Hendrix</u> and the switched-off radio, audio, and video equipment in <u>Hernandez</u>. In short, this is not a "[m]ere involvement" of property, as the City asserts, but the alleged negligent issuance-- to an officer previously the subject of a sexual misconduct commmplaint--of the very kind of tangible property that could be useful in conducting a sexual assault. Plaintiff's negligence claims, accepted as true, therefore fall within the scope of the Tort Claims Act's waiver of sovereign immunity relating to the use of tangible personal property.

B.   <u>Whether a Tort Claims Act Exclusion Applies</u>

The City nonetheless asserts that two exclusions to the waiver bar Plaintiff's claim: the Act does not waive sovereign immunity for claims arising out of intentional torts, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057, nor does it waive immunity for claims based upon the "method of providing police . . . protection." <u>Id.</u> § 101.055.

However, these contentions are also unavailing. First, as already explained, Plaintiff's claims against the City arise not out of Rodriguez's intentional conduct, but rather out of the City's allegedly negligent issuance to Rodriguez of tangible property by which Rodriguez committed his intentional acts. *See*

Centamore, 9 F. Supp. 2d at 725 (a plaintiff's claims that HPD negligently provided an officer the tangible property that gave the officer the "opportunity, means, and private location" for his sexual assault did not arise out of an intentional tort); *see also* Delaney v. Univ. of Houston, 835 S.W.2d 56, 60 (Tex. 1992) (noting that "intentional conduct intervening between a negligent act and the result does not always vitiate liability for the negligence," and holding that action by rape victim against public university was not barred by Tort Claims Act exclusions where the claim was based upon the university's failure to repair the dorm lock, which was distinct from the rape); *cf.* Young v. City of Dimmitt, 787 S.W.2d 50, 51 (Tex. 1990) (expressly disapproving of the appellate court's statement that "[the officer's] intentional tortious action on the occurrence in question precludes an application of the Tort Claims Act" because the plaintiff's claims arose "out of the alleged negligence of the city employees supervising the officer, not out of the officer's intentional tort").

Second, the "method of providing police protection" exception also does not apply to Plaintiff's claims. "This exemption to the waiver of sovereign immunity distinguishes between the negligent formulation of policy and the negligent implementation of policy." City of San Augustine v. Parrish, 10 S.W.3d 734, 740 (Tex. App.-- Tyler 1999, pet. dism'd w.o.j.). Plaintiff in her negligence claim does not complain of negligent formulation of policy but rather

12

that the City negligently carried out its policy regarding screening to whom to issue such equipment--that is, that the City negligently let Rodriguez, whom it allegedly knew was the subject of a previous sexual misconduct complaint, slip through its process.  *Cf.* id. at 738-40 (holding that the exception to waiver did not apply to the plaintiffs' claims that an officer negligently failed to follow police manual provisions when he shot and killed the plaintiffs' family member).

In summary, Plaintiff's claims, accepted as true, fall within the scope of the limited waiver of the Tort Claims Act, and do not trigger any of the Act's exceptions.  The City's motion will therefore be denied.

## IV.  Order

For the foregoing reasons, it is

ORDERED that Defendant City of Houston's Motion to Dismiss (Document No. 7) is DENIED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 25th day of April, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE